| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br>100 Jefferson County Parkway<br>Golden, CO 80401 | DATE FILED: January 23, 2020 3:37 PM<br>FILING ID: B841D04ADEDF1<br>CASE NUMBER: 2020CV30122 |
| **Plaintiff:** DEBRA FINLEY<br><br>**Defendant:** WALMART, INC., a Delaware corporation d/b/a WALMART SUPERCENTER #2125 | ▲ COURT USE ONLY ▲<br><br>Case No.: 2020CV |
| Attorneys for Plaintiff:<br>Meredith A. Quinlivan (No. 38016)<br>West Huntley Gregory PC<br>P.O. Box 588<br>Breckenridge, CO 80424<br>Phone Number: (970) 453-2901<br>E-mail: meredith@brecklaw.com | Division: |
| **COMPLAINT** | |

Plaintiff, Debra Finley, by and through counsel, West Huntley Gregory PC, for her Complaint against the Defendant, Walmart. Inc., states and alleges as follows:

### GENERAL ALLEGATIONS

1. At all times relevant hereto, Plaintiff, Debra Finley ("Plaintiff") is a resident of the State of Colorado residing at 10649 Ouray Ct., Commerce City, CO 80022.

2. At all times relevant hereto, Defendant, Walmart, Inc. ("Defendant") is a Delaware corporation in good standing with the Colorado Secretary of State with its principal office address at 708 SW 8th Street, Bentonville, AR 72716.

3. Venue is proper in this Court pursuant to C.R.C.P. 98(c) because the tort in question occurred at Walmart Supercenter Store #2125, 7455 W Colfax Ave, Lakewood, Colorado.

4. On March 25, 2018, Plaintiff was walking through the Walmart Supercenter Store #2125, in Lakewood, Colorado, when a dangerous condition existed on the floor causing her to fall.

Plaintiff sustained bodily injuries as a result of falling on the dangerous condition existing at Defendant's retail store.

5.      At all times relevant hereto, Defendant was in possession of the real property located at 7455 W Colfax Ave, Lakewood, Colorado.  Pursuant to C.R.S. §13-21-115(1), Defendant is a landowner.  A landowner includes, without limitation, an authorized agent or a person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property.

6.      At all times relevant hereto, Plaintiff was an invitee as defined by C.R.S. §31-21-115.

7.      At all times relevant hereto, there were no warning signs near the area where Plaintiff fell and subsequently sustained bodily injury.

8.      Defendant's conduct on the occasion in question was sufficient to cause, and did cause, Plaintiff severe, permanent, and disabling injuries.

9.      Plaintiff was not negligent on the occasion in question.

10.     No third party caused, or contributed to the cause of, the incident and Plaintiff's injuries, damages, and losses.

11.     Plaintiff has not failed to mitigate her damages.

12.     To the extent that Plaintiff may have suffered from any pre-existing physical condition, that condition is not relevant to any legitimate issue to be adjudicated herein.

13.     Plaintiff has not been injured in an unrelated matter subsequent to the incident in question.

14.     As a direct, proximate, and foreseeable result of the negligence of Defendant, Plaintiff suffered physical injuries; permanent disfigurement and impairment; physical and emotional pain and suffering; loss of enjoyment of life; medical and doctor bills; wage loss and loss of earning capacity.

## FIRST CLAIM FOR RELIEF
### (Violation of Premises Liability Statute C.R.S. § 13-21-115)

15.     Plaintiff hereby incorporates by reference all prior allegations set forth in her Complaint.

16.     Plaintiff sustained bodily injuries as a result of her fall on an existing dangerous condition on Defendant's property and as a result of Defendant's negligence.

17.     Defendant owed duties to Plaintiff and did breach those duties by failing to remove, repair, or otherwise correct the dangerous condition existing on the floor, believed to be a grape or grapes, inside its retail store #2125 located at 7455 W Colfax Ave, Lakewood, Colorado.

18.     Defendant actually knew about the dangerous condition of the property or, as a person using reasonable care, should have known about the dangerous condition of the property. Defendant failed to use reasonable care to protect against the dangerous condition of the property.

19.     Defendant's failure was the cause of Plaintiff's bodily injuries.

20.     Defendant breached its duty to warn persons of the existence of any dangerous conditions which existed on the premises pursuant to C.R.S. §13-21-115.

21.     Defendant's unreasonable failure to protect against dangers of which it knew or should have known was in violation of C.R.S. §13-21-115(3)(c).

22.     As a direct, proximate, and foreseeable result of Defendant's violation of the premise liability statute C.R.S. § 13-21-115, Plaintiff suffered physical injuries; permanent disfigurement and impairment; physical and emotional pain and suffering; loss of enjoyment of life; medical and doctor bills; wage loss and loss of earning capacity.  Plaintiff's economic and non-economic damages are still accruing and she will continue to incur medical bills, physician bills, and rehabilitation bills, medication expenses, and other special damages and expenses far into the future, if not for the balance of her natural life.  Accordingly, Plaintiff seeks economic damages from Defendant, both past and future, in an amount to be itemized at trial.

## SECOND CLAIM RELIEF
### (Negligence)

23.     Plaintiff hereby incorporates by reference all prior allegations set forth in her Complaint.

24.     Defendant failed to act reasonably under the same or similar circumstances to protect Plaintiff and others from bodily injury.

25.     Defendant owed duties to Plaintiff and did breach those duties by failing to remove, repair, or otherwise correct the dangerous condition existing on the floor, believed to be a grape or grapes, at the property.

26.     Defendant's conduct was willful and wanton, and it acted with a reckless disregard of the rights and feeling of others.  Whereby Defendant purposefully failed to remove, repair, or otherwise correct the dangerous condition on the floor, believed to be a grape or grapes, at the property, and which conduct was done heedlessly and recklessly, either without regard to the consequences, or without regard to the rights and safety of others, particularly the Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against Defendant and in favor of Plaintiff, for damages in an amount to be determined at the time of trial, interest from the date of the accident, costs, attorney fees, expert witness fees, and for such other and further relief as this Court deems just and proper.

Dated January 23, 2020.                                WEST HUNTLEY GREGORY PC

                                                                *s/ Meredith A. Quinlivan*
                                                        By: _____
                                                                Meredith A. Quinlivan   (No. 38016)

**Plaintiff's Address:**
10649 Ouray Ct.
Commerce City, CO  80022

4